IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA  DIVISION


CAROLS JEROME WILLIAMS,

        Petitioner,

v.                                              CASE NO. 3:15-cv-155-LC-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

        Respondent.

_____/

## <u>REPORT AND RECOMMENDATION</u>

This case is before the Court on ECF No. 1, Petitioner's *pro se*
Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The
Petition stems from Petitioner's Escambia County conviction for trafficking
of hydrocodone. In his Petition, Petitioner asserts four grounds for relief:
(1) The trial court erred in denying his motion to suppress; (2) Trial counsel
was ineffective for failing to call an alibi witness; (3) Trial counsel was
ineffective for failing to request prescription defense jury instructions; and
(4) Fla. Stat. § 893.135(1)(c) is unconstitutionally overbroad. (ECF No. 1.)
Respondent filed a response and appendix with relevant portions of the
state-court record, arguing that the Petition should be denied because

Respondent's claims are barred by *Stone v. Powell*, 428 U.S. 465 (1976), are conclusory, were not exhausted and are procedurally defaulted, and otherwise lack merit. (ECF No. 17.) Petitioner thereafter filed a reply. (ECF No. 19.) Upon due consideration of the Petition, the response, the state-court record, and the reply, the undersigned recommends that the Petition be denied.[1]

## State-Court Proceedings

On October 2, 2008, Petitioner was charged in case 2008-CF-004406-A with one count of trafficking in 14 grams or more, but less than 28 grams of illegal drugs, in violation of Fla. Stat. § 893.135(1)(c)1.b, a first degree felony, and two counts of possession of a controlled substance in violation of Fla. Stat. § 893.13(6)(a), a third degree felony.  (ECF No. 17-1 at 27.)[2]

On March 17, 2009, defense counsel Jerome Smiley, Jr., filed a motion to suppress the bottle of hydrocodone, ecstasy, and cocaine seized from Petitioner as a result of Petitioner's allegedly unconstitutional seizure.

---

[1] An evidentiary hearing is not warranted in this case because the Court may resolve the Petition on the basis of the record. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

[2] The page numbers for the exhibits to which the Court cites refer to the ECF page numbers at the top of the page.

(*Id.* at 54–58.) An evidentiary hearing was held on March 16, 2010 (*Id.* at 59–125.) At the end of the hearing, the state court denied the motion to suppress, finding that law enforcement acted well within its authority when it detained and searched Petitioner. (*Id.* at 123.)

The state later filed an amended information on July 19, 2010, charging Petitioner with the same three counts as the original information, and added a fourth count for resisting an officer without violence in violation of Fla. Stat. § 843.02, a first degree misdemeanor. (*Id.* at 30.) Petitioner proceeded to trial and was found guilty of count one, trafficking in illegal drugs, 14 grams or more but less than 28 grams, as charged. (*Id.* at 182, 185.) On July 21, 2010, Petitioner was sentenced to a term of fifteen years' imprisonment. (*Id.* at 188.)

The next day Petitioner filed a notice of appeal to the First District Court of Appeal ("First DCA"). (*Id.* at 205, 207.) Petitioner raised one issue on direct appeal: Whether the trial court erred in denying Petitioner's motion to suppress the bottle of hydrocodone found in appellant's pocket. (ECF No. 17-2 at 255–98.) On May 9, 2011, the First DCA per curiam affirmed without written opinion. (*Id.* at 336.) Petitioner filed a motion for panel rehearing or rehearing en banc, but the First DCA denied the motion.

(*Id.* at 338–45.) The mandate followed on July 7, 2011. (*Id.* at 346.)

On October 25, 2011, Petitioner filed a *pro se* petition for writ of habeas corpus in the First DCA pursuant to Fla. R. App. P. 9.100 and 9.141(d), arguing that appellate counsel was ineffective for failing to supplement Petitioner's direct appeal with intervening appellate decisions pertaining to the validity of a prescription defense. (*Id.* at 348–59.) The First DCA, however, per curiam denied the petition on the merits on November 21, 2011. (*Id.* at 399.) Petitioner filed a motion for rehearing and motion for rehearing en banc, but the First DCA denied the motion on January 19, 2012. (ECF No. 17-1 at 19; ECF No. 17-2 at 400–04, 520.)

Petitioner then filed a *pro se* motion for postconviction relief on July 18, 2012, and an amended motion for postconviction relief on September 4, 2012. (ECF No. 17-2 at 405–54) The amended motion for postconviction relief presented four grounds for relief: (1) Trial counsel was ineffective for failing to call an available witness at trial; (2) Trial counsel was ineffective for failing to request  prescription defense jury instructions; (3) Fla. Stat. § 893.135(1)(c)1 is unconstitutionally overbroad; and (4) Trial counsel was ineffective for failing to advise the court of its discretion in sentencing Petitioner. (*Id.* at 434–54.) The state court thereafter scheduled an

evidentiary hearing limited to Petitioner's first claim. (*Id.* at 480–81.)

Petitioner thereafter retained private counsel and filed a second amended motion for postconviction relief on May 14, 2013. (*Id.* at 500–19.) The second amended motion presented the same four grounds for relief, as well as a fifth ground: Trial counsel was ineffective for failing to object to the state's improper argument during closing pertaining to the burden of proof. (*Id.*)

The state court held the evidentiary hearing on Petitioner's first ground for relief on May 15, 2013. (*Id.* at 581–711.) The state thereafter filed a response to the fifth ground for relief in Petitioner's second amended motion for postconviction relief. (*Id.* at 732–33.)

On July 23, 2013, the state court denied Petitioner's motions for postconviction relief. (*Id.* at 740–50.) Although Petitioner filed a motion for rehearing on August 14, 2013, the state court struck the motion as a legal nullity on August 27, 2013. (ECF No. 17-3 at 91–98.) Petitioner filed a notice of appeal on September 19, 2013. (*Id.* at 101–02.) The First DCA, however, per curiam affirmed without written opinion on November 21, 2014. (*Id.* at 261.) The First DCA thereafter denied Petitioner's motion for rehearing and the mandate followed on March 24, 2015. (ECF No. 17-1 at

22.)

In the meantime, Petitioner also filed a second habeas petition in the First DCA on September 11, 2013. (ECF No. 17-3 at 263–72.) The First DCA, however, per curiam dismissed the petition on October 18, 2013, because it sought to litigate issues that were, or could have been raised on direct appeal or in postconviction motions. (*Id.* at 289.)

Petitioner then filed the instant petition in this Court on March 31, 2015. (ECF No. 1.)

## Scope of Federal Habeas Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under § 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States." *See* § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir. 1990). The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S.

668, 686 (1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence—which is also constitutionally protected—and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not

think of at all) existed and that the lawyer's pursuit of course A
was not a deliberate choice between course A, course B, and
so on.  The lawyer's strategy was course A.  And [the Court's]
inquiry is limited to whether this strategy, that is, course A,
might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that

counsel's unreasonable conduct might have had "some conceivable effect

on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a

defendant must show a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been

different." *Id*. at 694. A "reasonable probability is defined as a probability

sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of

counsel claim on the merits, the standard a petitioner must meet to obtain

federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The

standard is not whether an error was committed, but whether the state

court decision is contrary to or an unreasonable application of federal law

that has been clearly established by decisions of the Supreme Court. §

2254(d)(1). As the Supreme Court explained, error alone is not enough,

because "[f]or purposes of § 2254(d)(1), an unreasonable application of

federal law is different from an incorrect application of federal law."
*Harrington*, 562 U.S. at 100 (quotation marks omitted). "[E]ven a strong
case for relief does not mean the state court's contrary conclusion was
unreasonable." *Id.* at 102.

When faced with an ineffective assistance of counsel claim that was
denied on the merits by the state courts, a federal habeas court "must
determine what arguments or theories supported or, [if none were stated],
could have supported, the state court's decision; and then it must ask
whether it is possible fairminded jurists could disagree that those
arguments or theories are inconsistent with the holding in a prior decision
of [the Supreme] Court." *Id.* So long as fairminded jurists could disagree
about whether the state court's denial of the claim was inconsistent with an
earlier Supreme Court decision, federal habeas relief must be denied. *Id.*
Stated the other way, only if "there is no possibility fairminded jurists could
disagree that the state court's decision conflicts with [the Supreme] Court's
precedents" may relief be granted. *Id.*

Even without the deference due under § 2254, the *Strickland*
standard for judging the performance of counsel "is a most deferential
one." *Id.* at 105. When combined with the extra layer of deference that §

2254 provides, the result is double deference and the question becomes

whether "there is any reasonable argument that counsel satisfied

*Strickland's* deferential standard." *Id*. Double deference is doubly difficult

for a petitioner to overcome, and it will be a rare case in which an

ineffective assistance of counsel claim that was denied on the merits in

state court is found to merit relief in a federal habeas proceeding.

## Discussion

### Ground One: The Denial of Petitioner's Motion to Suppress

Petitioner contends the trial court erred by denying his motion to

suppress. He claims he had arrived at his supervisor's home where,

unknown to Petitioner, law enforcement had just searched the home

pursuant to a search warrant. Petitioner began walking up to the house

when law enforcement ordered Petitioner to freeze. Law enforcement

detained Petitioner, searched him, and found a bottle of hydrocodone in

Petitioner's pocket. Upon questioning, Petitioner told law enforcement that

the pills belonged to his grandmother and that he knew nothing about what

was going on at the residence. Law enforcement then searched

Petitioner's vehicle and allowed him to leave the scene but confiscated the

bottle of hydrocodone. Petitioner was later arrested and charged with the

four counts in the amended information. Petitioner claims that the detention and subsequent search were unlawful.

Respondent contends that Petitioner's claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), because Petitioner had a full and fair opportunity to litigate the Fourth Amendment issue in state court. Further, Respondent argues that Petitioner's claim is meritless.

Fourth Amendment violations are generally not cognizable on federal habeas review. In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." 428 U.S. at 494. In order to be entitled to federal habeas review of a Fourth Amendment claim, a petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id*. at 495 n.37; *see Devier v. Zant*, 3 F.3d 1445, 1455 (11th Cir. 1993) (where Fourth Amendment claims were raised by motion to suppress and on appeal they were given a full and fair hearing and therefore barred under *Stone*).

"For a claim to be fully and fairly considered by the state courts,

where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000). Federal courts will not consider the merits of Fourth Amendment cases merely because the state courts allegedly erred in their Fourth Amendment analysis. *See Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

Petitioner does not contend that he was denied a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. Rightfully so. The record demonstrates that Petitioner presented testimony and argument supporting his claim to the trial court, and appealed the denial of the motion to suppress to the appellate court. Consequently, under *Stone,* Petitioner's Fourth Amendment challenge is not cognizable on federal habeas review and, therefore, ground one is due to be denied.

### Ground Two: Ineffective Assistance of Trial Counsel for Failing to Call an Alibi Witness

Petitioner claims that Mr. Smiley rendered ineffective assistance because he failed to call an alibi witness at trial. Respondent contends that this claim is unexhausted and otherwise without merit.

Petitioner provides no supporting factual allegations pertaining to this

claim in his petition, memorandum, or reply.[3] This claim appears to be the same claim that Petitioner raised in ground one of his amended motion for postconviction relief.[4] The state court denied that claim on the merits following an evidentiary hearing,[5] and the First DCA per curiam affirmed without written opinion.

Under Florida law, the Florida Supreme Court lacks jurisdiction to review per curiam decisions of the state district courts of appeal rendered without written opinion. *Jenkins v. Florida*, 385 So. 2d 1356, 1359 (1980). Accordingly, because Petitioner was not entitled to seek review by the Florida Supreme Court, he exhausted his available state remedies. Petitioner, therefore, must demonstrate that the state court's adjudication of the claim was contrary to *Strickland*. *See* § 2254(d)(1).

Petitioner has failed to overcome the double deference owed to the

---

[3] Respondent does not argue that this claim is conclusory and therefore, not cognizable.

[4] Respondent contends that none of the claims raised in state court had to do with an "alibi witness." (ECF No. 17.) While the instant claim refers to the witness as an "alibi witness," ground one of the amended postconviction motion refers to the witness as an "available witness," who could have presented a defense in that the pills were her prescription medication. The only alleged witness that Petitioner's prior state court motions refer to is his grandmother, Yvonne Santos, to whom the bottle of hydrocodone pills allegedly belonged. Thus, it appears that these are the same claims.

[5] Mr. Smiley did not testify at the evidentiary hearing because he was deceased. Ms. Santos, however, did testify at the evidentiary hearing.

state court's adjudication of this claim. As an initial matter, Petitioner

provides no argument supporting this claim. Alternatively, as the

Respondent correctly argues, the state court neither unreasonably

determined the facts nor unreasonably applied *Strickland*.

The state court concluded Petitioner failed to show either deficient

performance or that he was prejudiced from Mr. Smiley's failure to call Ms.

Santos at trial. The state court wrote:

> First, it is clear that counsel attempted to perpetuate the
> testimony of Ms. Santos, and that, at the time of the deposition,
> Ms. Santos strongly indicated that she was unable to travel. It
> is also clear, that given that the State was unable to finish
> questioning Ms. Santos, and due to defense counsel's
> concerns about Defendant's fiancé[] being present during Ms.
> Santos's deposition, he felt that the incomplete deposition
> would not be allowed as evidence. The Court cannot conclude
> that this was an unreasonable decision on the part of counsel.
>
> Further, even if counsel were deficient, the Court is not
> convinced that Defendant has shown prejudice. Ms. Santos
> flatly denied at the evidentiary hearing that the bottle containing
> the pills in question was hers. In addition, Ms. Santos stated
> that, on the relevant evening, she was babysitting an "eight
> month old" child that had actually not even been born. Although
> at evidentiary hearing, Ms. Santos maintained her position that
> the pills discovered on Defendant were hers (despite her denial
> that the bottle was hers), the Court does not find Ms. Santos's
> testimony to be credible. This is especially so in light of some
> aspects of her testimony, such as her assertion that she was
> busy packing and thus did not make any effort to inform law
> enforcement that Defendant had been wrongfully arrested for
> possessing her prescription. Indeed, as the Court observed at

evidentiary hearing, Ms. Santos's testimony may well have been harmful to Defendant. Ms. Santos explained at evidentiary hearing that she would take her pills with her because they were stolen from her at her residence. Had she testified thusly at trial, such testimony would have been consistent with Defendant's statement to law enforcement that he had stolen the pills from his grandmother. In addition, Ms. Santos testified at her deposition that she left the home in the "wee hours" of the morning after babysitting, and that she needed to take her medication several times a day. Her testimony at evidentiary hearing was similar; she further stated that she discovered shortly after arriving back at her home that she had left her medication. Defendant testified at trial that it was "evening time" when he was confronted by law enforcement. Therefore, had Ms. Santos testified, it would have been clear that a significant length of time had passed between the time of Ms. Santos's departure and the time when Defendant was allegedly returning her critical medication. Based on the record before the Court, the Court cannot conclude that the presentation of Ms. Santos as a witness would likely have rendered a different result at Defendant's trial.

(ECF No. 17-2 at 744–46.)

Nothing suggests that the state court's decision was unreasonable.

Mr. Smiley could not have rendered deficient performance because he

attempted to perpetuate deposition testimony of a witness who was not

willing to travel across the country to testify at trial.

Further, Mr. Smiley believed that the telephonic deposition testimony

would not be admissible at trial because the deposition was not completed

because Petitioner's fiance was present and interrupted the state's

questions during the deposition. (ECF No. 17-3 at 77–89.) Mr. Smiley did

not render deficient performance by failing to admit evidence that he

reasonably believed would not be admissible. *See* Fla. Stat. § 90.804(2)(a)

(unavailable witness' deposition testimony is admissible as a hearsay

exception provided the party against whom the testimony is offered had an

opportunity and motive to develop the witness' testimony); *see also Wyatt

v. State*, 71 So. 3d 86, 104 n.15 (Fla. 2011) (noting that witness' deposition

testimony was not offered as substantive evidence at evidentiary hearing

because witness refused to submit to cross-examination).

Even assuming Mr. Smiley somehow rendered deficient

performance, Petitioner has failed to demonstrate prejudice. At trial

Petitioner testified that the prescription medication was his grandmother's

and that she had left it at his house. Thus, the jury was provided with this

evidence to consider during deliberation. Moreover, as the state court

pointed out, Ms. Santos' testimony would have been prejudicial to

Petitioner for various reasons. Petitioner has failed to demonstrate that the

state court's decision was unreasonable. Accordingly, ground two should

be denied.

### *Ground Three: Ineffective Assistance of Trial Counsel for Failing to Request Prescription Defense Jury Instructions*

Petitioner argues Mr. Smiley rendered ineffective assistance because he failed to request prescription defense jury instructions. Respondent says this claim is conclusory and therefore not cognizable. Nonetheless, Respondent also argues that this claim is without merit.

As an initial matter, the Court agrees that this claim is not a cognizable claim. Conclusory claims with no specific facts in support of the allegation are not cognizable constitutional claims and therefore do not merit consideration. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *State v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980). Petitioner presents no facts supporting this claim. Nor does he provide any type of argument explaining how this alleged failure constitutes ineffective assistance of counsel. In his reply Petitioner simply says that he relies on his argument in his postconviction motion. (ECF No. 19 at 19.) That is not how it works. Petitioner has not properly presented a claim in this Court by simply referring the Court to another claim filed in another case in another court.

Even ignoring this shortcoming this claim is without merit. Petitioner presented this claim to the state court in ground two of his amended

motion for postconviction relief. The state court denied the claim on the merits and the First DCA per curiam affirmed without written opinion. Nothing suggests that the state court's determination was an unreasonable application of *Strickland*.

The state court noted that in *McCoy v. State*, 56 So. 3d 37 (Fla. 1st DCA 2010), the First DCA held as a matter of first impression, that the prescription defense is available to an innocent possessor of a controlled substance who has a legally recognized reason for possessing drugs prescribed to another individual. (ECF No. 17-2 at 746.) The First DCA explained in *McCoy* that "[a] defendant is deprived of a fair trial if the error divests the defendant of his or her sole or primary defense strategy and that defense is supported by evidence adduced at trial that could not be characterized as weak." (*Id.*) (quoting *McCoy*, 56 So. 3d at 40). But, the *McCoy* decision was issued in December 2010, after Petitioner's July 2010 trial. Thus, the state court reasoned that counsel cannot be deemed deficient for failing to anticipate a change in law. (*Id.* at 747.)

The state court further explained that the evidence in Petitioner's case only weakly supported the alleged prescription defense. (*Id.* at 746–47.)  For example, Defendant testified that the medication was his

grandmother's, who had left it at Petitioner's house. (*Id.* at 747.) The bottle containing the pills, however, had no label identifying the proper owner. (*Id.*) Furthermore there was no evidence at trial that Petitioner's grandmother possessed a valid prescription for the medication. (*Id.*) A detective also testified that Petitioner acknowledged that he had stolen the pills from his grandmother to trade them for marijuana. (*Id.*)

Mr. Smiley did not render deficient performance for failing to request jury instructions for a defense that had not yet been deemed a valid defense. *See United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) ("In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel."). And even if prescription defense jury instructions had been presented, there was no evidence demonstrating that the substance was lawfully obtained from a practitioner or pursuant to a valid prescription order. *See McCoy*, 56 So. 3d at 39 (the "prescription defense," codified in Fla. Stat. § 893.13(6), provides that "[i]t is unlawful for any person to be in actual or constructive possession of a controlled substance unless such substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner

while acting in the course of his or her professional practice"). Thus, Petitioner cannot demonstrate that he was prejudiced by Mr. Smiley's failure to request prescription defense jury instructions. Accordingly, ground three should be denied.

### Ground Four: The Constitutionality of Fla. Stat. § 893.135(1)(c)

Petitioner claims in ground four that § 893.135(1)(c)—the section under which he was convicted—is unconstitutionally overbroad. Respondent argues that this claim is conclusory and therefore not cognizable. Respondent further argues that this claim is procedurally defaulted and otherwise without merit.

Like ground three, Petitioner has provided no factual support or argument pertaining to this claim for relief. Despite his reference in his reply to his postconviction motion, as previously discussed, that in and of itself is wholly insufficient to present a cognizable claim for relief.

Nevertheless, this claim is procedurally defaulted. Petitioner presented this claim to the state court in ground three of his amended postconviction motion. The state court denied the claim, however, because it was not properly raised in a Rule 3.850 motion. (ECF No. 17-2 at 747.) The state court explained that this claim should have been—but was

not—raised on direct appeal because it was a facial constitutional challenge to a criminal statute. (*Id.*) (citing *Delancy v. Tucker*, 88 So. 3d 1036, 1037 (Fla. 1st DCA 2012). The First DCA subsequently per curiam affirmed without written opinion. The state courts, therefore, did not reach the merits of this claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.") And because Petitioner cannot go back in time and file a second direct appeal, this claim is procedurally defaulted.

Nonetheless, "[a] procedurally defaulted claim can support federal habeas relief in only two narrow situations. First the petitioner may demonstrate cause and prejudice." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Some examples of "cause" include a showing that the factual or legal basis for a claim was not reasonably available to counsel, and that some interference by officials made compliance impracticable. *Id.* Attorney error

that constitutes ineffective assistance of counsel in violation of the Sixth

Amendment can render "cause." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012);

*Murray v. Carrier*, 477 U.S. 478, 487 (1986). But, an ineffective assistance

of counsel claim must generally be presented to the state courts as an

independent claim before it can be used to establish cause for a

procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing

*Murray*, 477 U.S. at 489). In such case, unless the prisoner can satisfy the

cause and prejudice standard for the procedurally defaulted ineffective

assistance of counsel claim, the ineffective assistance of counsel claim

cannot serve as cause for the default. *Id.* To show prejudice, the petitioner

must show that there is at least a reasonable probability that the result of

the proceeding would have been different had the constitutional violation

not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural

default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d

at 1190. To show a fundamental miscarriage of justice, the petitioner must

show that in light of new evidence, no reasonable juror would have

convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has wholly failed to show cause or prejudice for his default,

nor has he shown that enforcing the procedural default would result in a fundamental miscarriage of justice. Petitioner has not even acknowledged that this claim was not raised on direct appeal, nor has he provided an explanation for such. Accordingly, this claim does not support federal habeas relief.

Even if Petitioner could overcome the procedural default through *Martinez*, Petitioner's argument has no merit because the overbreadth doctrine has no applicability to the constitutionality of § 893.135(1)(c). "Overbreadth is a judicially created doctrine designed to prevent the chilling of protected expression." *Massachusetts v Oaks,* 491 U.S. 576, 584 (1989). The doctrine is usually applicable in civil or criminal cases to a facial challenge to a statute, which seeks to assert rights of third parties who are not before the court. As such, the doctrine is applied to First Amendment jurisprudence. *See Virginia v. Hicks*, 539 U.S. 113, 118 (2003) (the First Amendment doctrine of overbreadth is an exception to the normal rules governing facial challenges); *Thornhill v. Alabama*, 310 U.S. 88, 97 (1940) (a law is overbroad when it "does not aim specifically at the evils within the allowable area of State control but, on the contrary, sweeps within its ambit other activities that in ordinary circumstances constitute an

exercise of freedom of speech"). The statute under which Petitioner was convicted does not implicate First Amendment considerations and therefore a challenge based upon overbreadth has no application to this case.[6]  Accordingly, because the overbreadth doctrine does not apply to Plaintiff's challenge to § 893.135(1)(c), ground four of the petition has no merit.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section

---

[6] Section 893.135(1)(c) (2008) provides:

A person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any morphine, opium, oxycodone, hydrocodone, hydromorphone, or any salt, derivative, isomer, or salt of an isomer thereof, including heroin, as described in s. 893.03(1)(b), (2)(a), (3)(c)3., or (3)(c)4., or 4 grams or more of any mixture containing any such substance, but less than 30 kilograms of such substance or mixture, commits a felony of the first degree, which felony shall be known as "trafficking in illegal drugs," punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, should be **DENIED**, and a certificate of appealability should be **DENIED**.

**DONE AND ORDERED** this 15th day of June 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.